Allen E. **BENNETT**, Plaintiff,

v.

**HOISTING & PORTABLE ENGINEERS LOCAL 701, a labor organization,
Defendant.**

Civ. No. 501–59.

United States District Court
D. Oregon.

Feb. 3, 1960.

James A. Norman, Coos Bay, Or., for plaintiff.

Clifford D. O'Brien, Portland, Or., for defendant.

KILKENNY, District Judge.

Defendant moves to dismiss plaintiff's complaint on the ground that the Court

has no jurisdiction of the subject and that the complaint fails to state facts on which a claim for relief can be granted.

Plaintiff's complaint alleges that the action arises under the Labor-Management Reporting & Disclosure Act of 1959, U.S.C.A. Title 29, § 414. In July, 1957, plaintiff was employed by defendant as its field representative in Southwest Oregon at a salary of $185.00 per week, and was furnished an automobile by defendant for business and personal use. Defendant is a labor organization and plaintiff is a member of the defendant organization, with dues fully paid. On September 13, 1959, plaintiff, while operating the automobile furnished to him by defendant, was involved in an accident which caused damage to the automobile. Plaintiff's operation of the automobile was not in violation of any condition of his employment or any by-law or regulation of defendant labor organization. On September 17, 1959, defendant discharged the plaintiff as field representative on a claim that he had operated the automobile without authority and while intoxicated. Plaintiff claims that such discharge was a measure to discipline the plaintiff and that he was discharged from his employment without being afforded a full and fair hearing, all in violation of § 101(a) of the Labor-Management Reporting & Disclosure Act as aforesaid. Plaintiff further claims that by reason of said discharge he was deprived of his earnings from September 18, 1959, to the present in his special damage in the sum of $2405.00, and that he has been injured in his ability to earn a livelihood in the calling of a labor organization officer and deprived of the good will and respect of the fellow members of said organization to his general damage in the sum of $75,000.00.

The complaint specifically alleges that plaintiff was and now is a member of the defendant organization, with dues fully paid. There is nothing in the complaint which alleges a violation of any duty imposed by law on defendant by the provisions of the Act above mentioned. The most that can be said of the complaint is that it alleges a wrongful discharge by the defendant of the plaintiff and that the defendant violated its contract of employment with plaintiff. The Act on which the plaintiff relies creates obligations and duties on the part of a labor organization to its members. The legislative history of the Act clearly shows that it was intended to safeguard the members of the Union against certain discriminatory actions of the Union itself. The Act was never intended to cover the relationship of employer and employee. The fact that the plaintiff may have been a member of the defendant Union is incidental. The complaint contains nothing which would show a violation by the defendant of the provisions of the Act in question.

The motion of the defendant for dismissal is sustained on both grounds.

Counsel for defendant may prepare, serve and submit an appropriate order.