**Jesse COLPO, Appellant,**

v.

**HIGHWAY TRUCK DRIVERS AND HELPERS, LOCAL 107, OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, an Unincorporated Association.**

No. 13850.

United States Court of Appeals Third Circuit.

Argued June 8, 1962.

Decided June 29, 1962.

H. B. Rubenstein, Wilmington, Del., for appellant.

Richard H. Markowitz, Philadelphia, Pa. (Wilderman, Markowitz & Kirschner, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

Jesse Colpo, plaintiff, commenced this action against Highway Truck Drivers and Helpers, Local 107, of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, defendant, by filing a complaint on December 7, 1961, in which he alleged that defendant had violated Title I, §§ 101(a) (1) and 102, 29 U.S.C.A. §§ 411

(a) (1) and 412, and Title IV, § 401(e), 29 U.S.C.A. § 481(e), of the Labor-Management Reporting and Disclosure Act of 1959 ("Act"). More particularly, plaintiff asserted that defendant had declared him ineligible to be nominated for and to hold the office of Recording Secretary, and that any election in which he was not a candidate would, under the Act, be null and void. In his prayer, plaintiff requested that the district court declare him eligible, and that defendant be required to place his name on the ballot.

On December 12, 1961, the district court dismissed the complaint, concluding that it lacked jurisdiction, and the election was commenced on December 16, 1961, after a notice of appeal had been filed in this court. Plaintiff did not, however, request a stay of the election from either the district court or this court. Defendant filed a motion to dismiss the appeal on the ground that plaintiff lacked standing under Title IV, 29 U.S.C.A. § 483, of the Act because that section makes an action brought by the Secretary of Labor the exclusive remedy to set aside an election. The motion was denied.

Our jurisdiction is limited to cases and controversies involving real and substantial rights of the parties. We think once the election here was held, there was no longer before this court a subject matter upon which our judgment could operate, Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895), and the question became moot. Our opinion thus would be advisory and of no immediate consequence to the parties.

Under such circumstances, the judgment of the district court must be vacated, United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). Our action here should not be construed as passing on the question considered by the district court of whether a federal court can grant relief under the Act before an election is held.

The judgment of the district court will be vacated and the cause remanded with directions to dismiss the complaint.