See also, D.C., 262 F.Supp. 655.

Paul FANNING and William Lucek,
Plaintiffs,

v.

UNITED SCENIC ARTISTS, LOCAL 829, OF the BROTHERHOOD OF PAINT-ERS, DECORATORS, AND PAPER-HANGERS OF AMERICA, AFL-CIO, and the Brotherhood of Painters, Deco-rators and Paperhangers of America, AFL-CIO, and the National Broadcast-ing Company, Inc., Defendants.

No. 66 Civ. 1255.

United States District Court
S. D. New York.

Aug. 30, 1966.

Florynce Kennedy, New York City, for plaintiffs.

Erwin Feldman, New York City, for defendant, United Scenic Artists, Local 829, etc.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant, National Broadcasting Co., Inc., appearing specially, Arthur Mermin, Arthur J. Murphy, Jr., Henry G. Bisgaier, New York City, of counsel.

## OPINION

McLEAN, District Judge.

This is a motion by plaintiffs for a preliminary injunction in an action brought by two members of Local 829 of the Brotherhood of Painters, Decorators and Paperhangers of America against the local union and the international union.* Plaintiff Fanning also asserts a claim against National Broadcasting Company (NBC). The complaint alleges that "jurisdiction of this action is conferred upon the Court by § 102 of the LMRDA, 29 U.S.C.A. § 42 [sic: 412] and the National Labor Relations Act as amended, 29 U.S.C. § 151, et seq. * *."

The complaint by no means affords that "short and plain statement of the claim showing that the pleader is entitled to relief" which Rule 8(a) (2) requires. Its allegations appear to come down to the following.

In the first 14 paragraphs, which apparently constitute the first count, both plaintiffs complain on their own behalf and on behalf of all other members similarly situated, against the local and international union. They allege that they "have been consistently and arbitrarily discriminated against, in that many members of the Union are employers who operate as contractors and are either under assessed or not assessed at all, while having a full voice and vote in a Union supported by the excessive assessments paid by such members as plaintiffs." They charge that when they attempted to express their views "on the consistent failure of certain classes of members to pay a percentage of income proportionate to that required to be paid by plaintiffs," they were subjected to threats of ouster and physical violence, and that they were brought up on "vicious and irrelevant charges."

The complaint further alleges that "for protesting the Union's insistence upon forcing employers to make unauthorized deductions from their wages," plaintiffs were fined and threatened with suspension. They allege that the conduct of the local and international constituted an "unfair labor practice."

The complaint also asserts that "the plaintiffs' rights to be properly represented by officers concerned for their seniority and other interests has been, is being and will be infringed." This seems to pertain to the charge that the union has failed to maintain a "seniority roster."

The next four paragraphs, entitled "Second Claim", comprise a claim on the part of plaintiff Lucek only against the two unions. After realleging everything that has gone before, he alleges that in September 1965 he "protested through the NLRB" against the actions of his employer in deducting from his wages "payments demanded by the Union," and that his employer desisted from making these "unauthorized deductions" and continues to employ him, but Local 829 has "instituted a proceeding against" his employer. He alleges that "few employers can be expected to withstand the pressure," that plaintiff is in danger of losing his livelihood, that his income has decreased, and that "but for the courage of his present employer, he might be a pariah in his own profession." For this he asks judgment against the two unions for $100,000.

* This local is called "United Scenic Artists." Its members are scenic artists, scenic designers, lighting and costume designers employed in the entertainment industry.

The next nine paragraphs, entitled "Third Claim," constitute a claim on the part of plaintiff Fanning against NBC. After realleging everything previously set forth in the complaint, he charges in substance that he has been employed by NBC on an occasional basis, that he did not authorize NBC to deduct any union assessments or dues from his wages, but that nevertheless such deductions were made, and that NBC in so doing is "rendering unlawful assistance and support to a labor organization," i. e., Local 829, with which NBC has a collective bargaining agreement. This is alleged to be an unfair labor practice. He further charges that NBC has substantially reduced his employment opportunities and has reduced its requests for his services. For this he asks judgment against NBC for $10,000.

Finally, the complaint contains Paragraph XXVII, which appears to be a separate claim, although not so labelled. It alleges that "because of the Local's and/or the International's conduct in coercing NBC and other employers to refrain from hiring plaintiff Fanning," and "for failing to protect his thirty years seniority," he has been damaged in the sum of $100,000.

The relief asked by the complaint is extensive. Each plaintiff seeks damages against the two unions of $100,000. Plaintiff Fanning, as above noted, also seeks damages from NBC of $10,000. The complaint asks that the local and the international be directed "to grant to plaintiffs such seniority for pay and voting purposes as are consistent with their years of affiliation and record of employment," that they be enjoined from "reducing such seniority," that they be enjoined from violating the union constitution "by allowing contractors to vote," and that they be restrained from conducting any union elections, either of the local or the international, until this court "has an opportunity to examine all the books, records, voting practices, seniority rosters, eligibility requirements." Further, the court is asked to restrain the local and international "from frustrating the requirement, to account for all moneys collected from all members," and to appoint a receiver to "collect and handle all funds of the Local and International, with power to administer all Union affairs."

The present motion asks the court (1) to direct the defendants "to submit all books and records necessary for an independent audit and examination of the check-off system and dues collection system," (2) to appoint a receiver "to collect the dues and assessments and conduct the administration of the Union affairs," (3) to "establish a seniority roster for members of the Local," (4) to set aside "the protested election" and hold "a lawful election," (5) to enjoin defendants "from refusing to accept the membership dues of plaintiffs," and (6) to require NBC "to cease the unfair labor practices complained of, herein, during the pendency of this action."

The motion is supported by affidavits of each plaintiff which are not entirely coherent. As to NBC, plaintiff Fanning asserts that NBC has deducted union dues and assessments from his wages without his consent, and conversely, that it has failed to withhold his federal and state taxes. As to the unions, he complains that they have discriminated between members with respect to dues and assessments, that the local permits "contractors" to be members, that it fails to maintain a seniority register, and that certain members of the Executive Board maintain training schools for new members. He says that when he attempted to express his views, he was threatened with expulsion, and that when he unsuccessfully ran for president of the local, he was "persecuted" and subjected to "reprisals" in ways unspecified. He asserts, without any concrete details, that "a review of the books and records of the Local and International will reveal that Union held property has been wasted and mishandled." In an appendix to his affidavit, he elaborates to some extent on these charges, again without any relevant concrete facts beyond the statement that he was fined because he re-

fused to consent to deduction of union assessments from his wages.

Plaintiff Lucek states in his affidavit that "the entire system of dues and assessment collection of the defendant unions is inequitable, unfair and prejudicial." He says that because of his protests about the inequities of the dues collection system, he was brought up on charges by the local's executive board, that he and plaintiff Fanning were found guilty and fined $50 and that this action was "beyond the Union's jurisdiction" and clearly a reprisal.

He says that he complained to the international about the election of officers held in June 1965 and that his complaints were unsuccessful.

He also complains of the union's failure to grant a petition for a special meeting in February 1964, and to its failure to maintain a seniority roster. He charges that the union is in violation of a consent decree entered in 1963 in an action in this court entitled United States v. United Scenic Artists Local 829, Civil Action 118–92, because "the Union tried to stop work being performed by a non-union designer." He says that he has complained to the National Labor Relations Board because "the Union is in violation of the Taft-Hartley and other State and Federal acts." He asks that an independent audit be ordered by the court because he believes that "some discrepancies and irregularities have been discovered." No facts are given about these alleged irregularities.

### The Motion against Defendant NBC

In its opposing affidavit, NBC states that, contrary to plaintiff Fanning's allegations, NBC was in fact authorized by plaintiff Fanning to make deductions of union dues and assessments from his wages. A copy of a written authorization dated March 12, 1963 purporting to be signed by plaintiff Fanning is attached. It provides that the authorization shall be automatically renewed unless terminated by Fanning. NBC says that Fanning has never terminated it.

NBC's affidavit also states that, contrary to Fanning's assertion, NBC has in fact withheld federal and state taxes from his wages. A copy of an Internal Revenue Service W–2 form for 1965, so indicating, is attached to the affidavit.

Plaintiff Fanning has not questioned the authenticity of these documents.

■ Apart from the issue of fact thus created, determination of which will be decisive of the entire action as against NBC, there is a serious question as to whether this court has jurisdiction of the action at all, as far as NBC is concerned, in the absence of diversity of citizenship. The Labor Management Reporting and Disclosure Act is concerned only with controversies between union members and unions, not with employers. See Strauss v. International Brotherhood of Teamsters, etc., 179 F.Supp. 297 (E.D. Pa.1959); Gross v. Kennedy, 18? F.Supp. 750 (S.D.N.Y.1960); Cafero v. New York Typographical Union No. 6, et al., 63 Civ. 660, S.D.N.Y., May 3, 1963 (unreported).

In so far as plaintiff Fanning claims that the allegedly unauthorized deductions made by NBC constitute an unfair labor practice, as between himself and his employer, this would seem to be a matter lying wholly within the primary jurisdiction of the National Labor Relations Board. San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

■ It is unnecessary, however, upon this motion, to ascertain the facts as to the parties' citizenship and to reach a final conclusion upon the question of jurisdiction. It is likewise unnecessary to decide the question of fact as to whether the deductions from Fanning's salary were actually unauthorized. The short answer to this motion, as far as NBC is concerned, is that there has been no showing whatever of the propriety of or need for equitable relief. The only relief sought against NBC in the complaint is $10,000 damages. If it turns out upon the trial of this action that NBC has made improper and unauthorized deduc-

tions from Fanning's salary, damages will afford complete relief. The motion against NBC is therefore denied.

### The Motion against the Union Defendants

Opposing affidavits filed by Local 829 deny plaintiffs' charges. Without attempting to summarize these affidavits in detail, suffice to say that the local takes the position that plaintiffs are chronic complainers who have not paid the assessments which were voted by the members of the local and which all other members have paid. It is claimed that they were brought up on charges for having endeavored to induce employers not to deduct assessments from their wages, as the employers were required to do by their collective bargaining agreements with the union, that plaintiffs were found guilty on these charges and were fined $50, but were not otherwise penalized. The affidavits state that plaintiffs have continued to refuse to pay their assessments, although they are apparently willing to pay their monthly dues, and that the local has been required by the union constitution to decline to accept the dues in view of plaintiffs' non-payment of the larger assessments.

In considering this motion, as against the union, it is important to bear in mind precisely what it is that plaintiffs are asking the court to do. Some of the allegations of the complaint and the moving affidavits have no discernible relevance to the relief now sought, and serve only to confuse the issue. Three of the five items of relief requested are (1) an audit of the union's books pertaining to the check-off and dues collection system, (2) the appointment of a receiver to administer the union's affairs, (3) the establishment of a seniority roster for the local. These can hardly be said to be requests for relief pendente lite. They are the relief ultimately sought in this action.

■ It is well settled that the court will not grant the drastic remedy of a preliminary injunction where to grant it would afford plaintiffs substantially all the relief to which they would be entitled if they prevailed at a trial, where the probability of their success after a trial is not clearly demonstrated. Willheim v. Murchison, 203 F.Supp. 478 (S.D.N.Y.1962), aff'd sub nom. Willheim v. Investors Diversified Services, Inc., 303 F.2d 276 (2d Cir. 1962); Huber Baking Co. v. Stroehmann Bros. Co., 114 F.Supp. 411 (S.D.N.Y.1953), aff'd, 208 F.2d 464 (2d Cir. 1953); Nadya, Inc. v. Majestic Metal Specialties, Inc., 127 F.Supp. 467 (S.D.N.Y.1954); Richard J. Spitz, Inc. v. Dill, 140 F.Supp. 947 (S.D.N.Y.1956).

■ Plaintiffs have made no clear showing of any right to such relief. The moving affidavits, which are largely conclusory, do not justify this court in granting it. And plaintiffs have shown no present need for it. They have shown no irreparable injury which they will suffer by waiting until the trial for the audit of the books, the establishment of a seniority system, or the appointment of a receiver.

■ The fourth request is to set aside the 1965 election of union officers. Here no facts, as distinct from conclusions, are supplied to enable the court to tell what plaintiffs' grievances are with respect to the election. In any case, it is clear that as to this claim, plaintiffs' exclusive remedy lies with the Secretary of Labor. 29 U.S.C. §§ 482, 483.

The fifth and last request is that defendants be enjoined "from refusing to accept the membership dues of plaintiffs." Here again, plaintiffs have made no adequate showing of right to this relief. It seems clear that plaintiffs have in fact refused to pay their assessments and it is equally clear that under Section 26 of the local's constitution, their monthly dues cannot be accepted until all assessments are paid.

I do not imply that after a trial plaintiffs will establish a right to any of the relief sought in the complaint, nor do I express any opinion as to jurisdictional problems which may well exist with re-

spect to some of plaintiffs' claims. I hold that plaintiffs are not entitled at this time to any of the relief which they have requested on this motion.

The motion is in all respects denied.

So ordered.