**Charles J. STEIN, Appellant.**

**v.**

**W. Willard WIRTZ, Secretary of Labor, U. S. Department of Labor, and Local 611, International Brotherhood of Electrical Workers, Appellees.**

**No. 8704.**

United States Court of Appeals Tenth Circuit.

Sept. 16, 1966.

Rehearing Denied Oct. 20, 1966.

Charles J. Stein, pro se.

Robert C. McDiarmid, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., John Quinn, U. S. Atty., Alan S. Rosenthal and Edward Berlin, Attys., Dept. of Justice, on the brief), for appellees.

Before LEWIS, BREITENSTEIN and JONES,* Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

Appeal is taken from an order of the United States District Court for the District of New Mexico denying appellant's motion to intervene in a suit brought by the Secretary of Labor under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481–483. The suit arose from a complaint filed by appellant with the Secretary protesting that the refusal of Local 611 of the International Brotherhood of Electrical Workers to permit appellant to be a candidate for the office of Business Manager-Financial Secretary in its June 1964 elections constituted a violation of section 401(e) of the Act, 29 U.S.C. § 481(e). The Secretary filed his complaint in the District Court on September 2, 1965, seeking, among other things, to have the union's June 1964 election for the office

* Of the Fifth Circuit, sitting by designation.

of Business Manager-Financial Secretary set aside and to have an order issued directing the union to conduct a re-run election limited to that office. On the basis of stipulations between the Secretary and the union, the union was given two time extensions of thirty days each in which to answer the complaint. On November 25, 1965, with an answer still not having been filed, the union and the Secretary stipulated that, subject to appellant's continuing good standing in the union, appellant would be eligible for candidacy in the union's then fast approaching June 1966 elections. The Secretary and the union thereupon requested that the case be held in abeyance until after the elections when, assuming that the union complied fully with the terms of the stipulation, the Secretary would move to dismiss the action.

In December 1965, appellant moved for leave to intervene under Rule 24(a) (2), Fed.R.Civ.P.,[1] in order that he might continue prosecution of the Title IV action. He asserted in the District Court and reasserts here that he is the real party in interest in this controversy, that by virtue of the concessions to unjustified extensions of time for pleading and the stipulation relating to an election which certainly was not "fast approaching" at the time the complaint was filed, the representation of his interest by the Secretary of Labor was wholly inadequate, and that abeyance of the action irreparably damaged appellant in that it only served the unlawful purposes of the incumbent union officers.

Although appellant's subjective dissatisfaction [2] with the Secretary's prosecution of this action is completely understandable, yet we are constrained to agree that the District Court was without jurisdiction to permit his intervention in a Title IV action. The Act confers upon the Secretary of Labor the *exclusive* right to bring civil actions against labor organizations for violations of members' rights in union elections and election procedures. 29 U.S.C. §§ 482(b), 483; Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190. There being no way for appellant to prosecute this type of action by original suit, he cannot be permitted to do so by intervention, for Rule 24(a) (2) cannot be construed to extend federal jurisdiction. Fed.R.Civ.P. 82; Bantel v. McGrath, 10 Cir., 215 F.2d 297.

Affirmed.

---

1. The Rule reads as follows:
   "Upon timely application anyone shall be permitted to intervene in an action * * * when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action."

2. The Secretary does not add to this dissatisfaction by a present suggestion of mootness although the 1966 elections have presumably been held.