**Paul FANNING and William Lucek, Plaintiffs,**

v.

**UNITED SCENIC ARTISTS, LOCAL 829, OF the BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA, AFL–CIO, and the Brotherhood of Painters, Decorators and Paperhangers of America, AFL–CIO, and the National Broadcasting Company, Inc., Defendants.**

**No. 66 Civ. 1255.**

United States District Court
S. D. New York.

Jan. 18, 1967.

Florynce R. Kennedy, New York City, for plaintiff Paul Fanning.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant National Broadcasting Co.; Arthur Mermin, Arthur J. Murphy, Jr., and Henry G. Bisgaier, New York City, of counsel.

OPINION

MANSFIELD, District Judge.

This is an action by two union members, Fanning and Lucek, against their union, Local 829 of the Brotherhood of Painters, Decorators and Paperhangers of American (hereinafter "Local") and its international, Brotherhood of Painters, Decorators and Paperhangers of America, AFL–CIO. Plaintiff Fanning also brings suit against his employer, the National Broadcasting Company (hereinafter "NBC"). This opinion relates only to the motion of NBC to dismiss Fanning's claim against it for want of subject-matter jurisdiction.

The complaint states:

"Plaintiffs bring this action under Title I of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 401, et seq., hereinafter occasionally referred to as LMRDA. Jurisdiction of this action is conferred upon the Court by § 102 of the LMR DA, 29 USCA § [412] 42, and the National Labor Relations Act as amended, 29 USC § 151, et seq., herein also referred to as the Act or NLRA."

Plaintiffs' claim against the unions is based on "unfair labor practices" on the part of the unions, including discrimination against plaintiffs in the assessment of union dues, threats of ouster and physical violence following plaintiffs' efforts to exercise their rights as union members, and the harassment of them through charges that resulted in fines and threatened suspension because of their protests against the unions' inequitable conduct.

Fanning's claim against NBC (the "Third Claim") charges it with rendering unlawful assistance to Local 829, with which NBC has a collective bargaining agreement, by deducting union assessments and dues from Fanning's wages without his authorization and by reducing NBC's requests for plaintiff's services sharply since his difficulties with the Local. These acts on the part of NBC are characterized in the complaint as "unfair labor practices" within § 8, 29 U.S.C. § 158 (1966) of the National Labor Relations Act. Because of these alleged wrongs, Fanning demands a money judgment against NBC in the sum of $10,000.

▆ Insofar as the complaint purports to charge NBC with unfair labor practices in violation of the National Labor Relations Act, jurisdiction in the first instance is vested exclusively in the NLRB, as Judge McLean indicated when he reviewed the doubts surrounding this Court's jurisdiction in his decision denying plaintiff's motion for a temporary injunction. Fanning v. United Scenic Artists, D.C., 265 F.Supp. 523 (1966). As Judge McLean noted, San Diego Building Trades Council Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), established that primary and exclusive jurisdiction over unfair labor practices rests with the NLRB. Furthermore, the NLRB's jurisdiction over similar charges of discriminatory practices on the part of an employer has been recognized. See, e. g., Radio Officers' Union, etc. v. NLRB, 347 U.S. 17, 74 S.Ct. 323, 98 L.Ed. 455 (1955); Red Star Exp. Lines of Aurbin v. NLRB, 196 F.2d 78 (2d Cir. 1952).

▆ The LMRDA does not afford any basis for assumption of jurisdiction over Fanning's claim against NBC, since that Act is limited to relations between the union and its members and does not authorize a suit against an employer. Moreover, the Second Circuit has spoken on the matter. In Thompson v. New York Central R. R., 361 F.2d 137, 145 (2 Cir. 1966), the Court said:

"The uniform current of authority in this Circuit has been to limit the jurisdiction of the District Courts under the Labor-Management Reporting and Disclosure Act to suits based upon allegations that a labor organization or officer or agent thereof acting in his official capacity violated the terms of the Act. Thus it has been consistently held that the Labor-Management Reporting and Disclosure Act regulates only the relationship between the union and its members and not that between an employer and his employees. See Cafero v. New York Typographical Union, S. D.N.Y.1963, 47 C.C.H.Lab. Cas. 18,267; Fogg v. Randolph, S.D.N.Y.1962, 244 F.Supp. 885, 888; Gross v. Kennedy, S. D.N.Y.1960, 183 F.Supp. 750. The legislative history of the statute confirms the correctness of these decisions. See Tomko v. Hilbert, 3 Cir., 1961, 288 F.2d 625. Rulings elsewhere are to the same effect. See Rinker v. Local No. 24, Amalgamated Lithographers, W.D.Pa. 1962, 201 F.Supp. 204, appeal dismissed, 3 Cir., 1963, 313 F.2d 956; Bennett v. Hoisting & Portable Engineers, D.Or.1960, 207 F.Supp. 361; Strauss v. International Bhd. of Teamsters, E.D.Pa., 1959, 179 F.Supp. 297."

No other jurisdictional basis is alleged or suggested. As Fanning's counsel concedes, diversity of citizenship is absent. Fanning is a resident of New York, and NBC has its principal place of business in New York.

Since this Court lacks jurisdiction over Fanning's claim against NBC, the latter's motion to dismiss is granted.

So ordered.