Clarence L. DAVIS, Jr., and Wilfred Harris, Appellants,

v.

Walter TURNER, C. C. Powell, Joe Carbonaro, Joseph V. Moreschi, and Paul L. Jones, Appellees.

No. 21566.

United States Court of Appeals Ninth Circuit.

May 21, 1968.

Clarence L. Davis, Jr., (argued), of Allen, Perry & Davis, Oakland, Cal., for appellants.

Paul Paduck, (argued), of Smith, Parrish, Paduck & Clancy, Oakland, Cal., for appellees.

Before MERRILL and BROWNING, Circuit Judges, and BYRNE, District Judge.

MERRILL, Circuit Judge:

Appellant Clarence L. Davis, Jr. is a member of Laborers' Local Union 304. In January, 1966, he was admitted to practice law in the State of California and has since been actively engaged in the practice of his profession in Oakland, California. On June 23, 1966, he was nominated by appellant Wilfred Harris as a delegate to the convention of the Laborers' International Union to be held in St. Louis, Missouri, in October, 1966. His qualification to serve as a delegate was challenged by a union member on the ground that he was not then working at the calling of the union, as required by its by-laws. The union sustained this challenge and his name was removed from the ballot. He appealed the decision to the International Union and, pending that appeal, this suit was brought to invalidate the election and have a new election called. Appellants claim that their civil rights as union members guaranteed under Title I of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411 et seq., had been violated and that the District Court had jurisdiction to entertain their individual suit for redress under 29 U.S.C. § 412. Summary judgment in favor of appellees was granted by the District Court on the ground, among others, that it was without jurisdiction to entertain the suit.

We agree. The rights asserted by appellants are those protected not by Title I, but by Title IV of the Act, 29 U.S.C. § 481 et seq., as to which the exclusive method of enforcement is through complaint filed with the Secretary of Labor who, if he finds violation of the statutory provisions, may file suit in the appropriate district court to secure a new election to be held under his supervision. 29 U.S.C. § 482(a) and (b); Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964).

Further, even were we to find appellants' contentions to be a valid subject for an individual union member's suit under Title I, their suit would have been aborted when the election they challenge was conducted. Colpo v. Highway Truck Drivers & Helpers Local 107, 305 F.2d 362 (3d Cir.), cert. denied, 371 U.S. 890, 83 S.Ct. 188, 9 L.Ed.2d 123 (1962). No individual suit to set aside a union election may be maintained, for § 403 of the Act, 29 U.S.C. § 483, provides that the Secretary of Labor's action is the exclusive remedy "for challenging an election already conducted." See Note, 78 Harv.L.Rev. 1617 (1965); Note, 74 Yale L.J. 1282 (1965).[1]

Judgment affirmed.

1. Because of this statutory mandate ousting the District Court of jurisdiction, we need not consider the question raised by appellees as to the effect of the holding of the convention to which the election of delegates related. In a suit by the Secretary of Labor, of statutory necessity brought after a union election has been conducted, this question will be relevant. Cf. Wirtz v. Local 153, Glass Bottle Blowers Ass'n, 389 U.S. 463, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968). But see Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895).