George P. SHULTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC (DISTRICT 15), Defendant.

Civ. A. No. 69–922.

United States District Court, W. D. Pennsylvania.

March 24, 1970.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Michael H. Gottesman, Washington, D. C., Alfred Lawson, Pittsburgh, Pa., for defendant.

Anthony Tomko, President of Local 1408, McKeesport, Pa., pro se.

## OPINION

ROSENBERG, District Judge.

Anthony Tomko, President of Tube Works Local Union #1408, United Steelworkers of America, here presented *pro se* a letter-petition "for relief as third or participating party in case." He charges in abstract fashion that a special election for District Director of District 15 is being promoted by "an arbitrary determination in a denial for open and free nominations on April 21, 1970," and that the International Union, its Executive Board and Officers of the United Steelworkers of America are violating the rights of union members under their constitution, Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the Act), 29 U.S.C. § 401 et seq. He charges further that as the President of the Local Union, the terms under which the special election are to be held would force him to be a participant in certain violations, and endanger him and other local union officers "of being defendants in said violation and misuse or abuse of union funds by any charges in a federal court * * *"

To the letter-petition he has attached a letter dated February 26, 1970 and addressed to Walter J. Burke, International Secretary-Treasurer of the United Steelworkers of America, in which he protests a forthcoming election alleging that it denied him and other eligible members of rights under the United Steelworkers Constitution. Another letter, also dated February 26, 1970, is attached to the petition and is addressed to the Secretary of Labor. It contains substantially the same protests as those contained in the letter addressed to the Secretary of the International Union.

The protest and letter-petition were evidently inspired by the telegram dated February 24, 1970, addressed to Anthony Tomko as President of the local union, and sent by Walter J. Burke, International Secretary-Treasurer, United Steelworkers of America. The telegram gives notice that an election for District Director of District 15 will be conducted on April 21, 1970 "with same four candidates on ballot as in 1969 election." Other instructions, irrelevant to the matter under consideration here, are contained in the telegram and it is indicated that a letter containing detailed information about election procedures would follow the telegram.

On August 4, 1969 an action was filed by George P. Shultz, Secretary of Labor, United States Department of Labor, as plaintiff, against the United Steelworkers of America, AFL–CIO–CLC (District 15) at the above numbered civil action. It averred that an election for District Director was held on February 11, 1969; that on April 18, 1969, the International Tellers declared that Joseph Odorcich had been elected director; that on April 30, 1969 the Union's International Executive Board, overruled and re-

versed the Tellers and declared Paul M. Hilbert director; that Odorcich unsuccessfully protested the results; that on June 5, 1969 Odorcich filed a complaint with the Secretary of Labor pursuant to 29 U.S.C. § 481; that upon investigation, the Secretary found probable cause to believe a violation of the statutory election procedures had occurred; and the Secretary petitioned this Court to declare amongst other things that the election of February 11, 1969 was null and void and to order a new election.

After an answer was filed, pretrial procedures were initiated. Following that, the plaintiff and the defendant filed a stipulation by which they agreed that the election held on February 11, 1969 was null and void and that a new election was to be scheduled for the election of a Director of District 15 within 90 days. It was further stipulated between the parties that the election be conducted by the defendant under the supervision of the plaintiff; that only the names of the four candidates who appeared on the ballot as candidates in the February 1969 election should appear on the ballot as candidates for director, and that this action should be maintained on the docket of the Court until the plaintiff certifies to the Court that the election was conducted in accordance with the applicable provisions of law, and the Union's election regulations.

After receipt of the Tomko letter-petition the matter was scheduled for hearing, and a hearing was held thereon. The petitioner Tomko *pro se* argued that by agreeing to conduct the new election, but foreclosing the reopening of nominations, the parties were perpetuating irregularities which arose in conjunction with the original nomination procedures. Both the Secretary and the International challenged the standing of Tomko to intervene in this suit.

■ The Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401 et seq. does not purport to take away from labor unions governance of their own internal affairs and hand that control over either to the courts or to the Secretary of Labor, but it strictly limits official interference in internal affairs of unions, prescribes only certain basic minima annd leaves areas not covered by those minimum prescriptions to decisions of the unions themselves. Wirtz v. Hotel, Motel & Club Employees, Unions, Local 6, 381 F.2d 500 (C.A.2, 1967), reversed on other grounds, 391 U.S. 492, 88 S.Ct. 1743, 20 L.Ed.2d 763 (1968).

■ Title IV of the Act, 29 U.S.C. §§ 481, 482, 483 provides the terms for the conduction of union elections. Section 402 of the Act[1] provides terms for enforcing and challenging the validity of union elections. By the terms of the Act, a union member who after exhausting remedies available within the union and who desires to complain of violations in the conduct of an election may file a complaint with the Secretary of Labor. Thereafter, the Secretary is authorized to investigate the complaint and upon finding probable cause to believe that a violation has occurred, he is authorized to bring suit in the district court to set aside the election, and to direct the conduct of another election.

It is provided in § 403 of the Act[2] that "The remedy provided by this subchapter for challenging an election already conducted shall be exclusive." The exclusivity of this right has been reiterated by our courts on numerous occasions. Wirtz v. Local 153, Glass Bottle Blowers Ass'n., 389 U.S. 463, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968); Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964); Davis v. Turner, 395 F.2d 671, C.A. 9, 1968, cert. den. 393 U.S. 987, 89 S.Ct. 467, 21 L.Ed.2d 449 (1968); Wirtz v. Local Unions, 410, 410A, 410B & 410C etc., 366 F.2d 438, C.A. 2, 1966; Stein v. Wirtz, 366 F.2d 188, C.A. 10, 1966; cert. den. 386 U.S. 996, 87 S.Ct. 1316, 18 L.Ed.2d 344 (1967); Wirtz v. Local Union No. 1377,

1. 29 U.S.C. § 482.

2. 29 U.S.C. § 483.

288 F.Supp. ·914 (N.D.Ohio, 1968); Wirtz v. H. H. Guy Lodge, 279 F.Supp. 873 (W.D.Pa.1967); Fanning v. United Scenic Artists, Local 829, 265 F.Supp. 523 (S.D.N.Y.1966). Thus, the fact that the Secretary is the only person authorized to bring a suit under Title IV of the Act, precludes the petitioner from intervening. As the Court said in Stein v. Wirtz, supra, "The act confers upon the Secretary of Labor the exclusive right to bring civil actions against labor organizations for violations of members' rights in union elections and election procedures. * * * There being no way for appellant to prosecute this type of action by original suit, he cannot be permitted to do so by intervention * * *." 366 F.2d at 189.

If Tomko had desired to challenge the legality of the nomination procedure, he could have made timely application to the Secretary to investigate. Since the time for making such a request has expired, he cannot appear here and move for leave to intervene in a suit to which he cannot be a party.

For these reasons Anthony Tomko lacks standing to join in this action and his letter-petition "for relief as third or participating party in case" cannot be allowed. The petition therefore will be denied.