George P. SHULTZ, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

UNITED STEELWORKERS OF AMER-
ICA, AFL–CIO–CLC (District 19),
Defendant.

Civ. A. No. 69–919.

United States District Court,
W. D. Pennsylvania.

May 12, 1970.

———◆———

Louis Weiner, Regional Solicitor U. S. Dept. of Labor, Philadelphia, Pa., and Richard L. Thornburgh, U. S. Atty., by Thomas A. Daley, Asst. U. S. Atty., Pittsburgh Pa., for plaintiff.

Michael H. Gottesman, Washington, D. C., and Carl B. Frankel, and A. E. Lawson, Pittsburgh, Pa., for defendant.

John W. McIlvaine, and Paul A. Simmons, Monongahela, Pa., for William J. Hart, intervenor.

Benj. W. Haseltine, Jr., Pittsburgh, Pa., for Adam Wisniewski, intervenor.

## OPINION AND ORDER

MARSH, Chief Judge.

This is an action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 482, to declare void the February 11, 1969 election of the District Director of United Steelworkers of America, District 19. We have previously granted the motion of William J. Hart, the incumbent whose election is challenged, to intervene as an individual defendant. Shultz v. United Steelworkers of America, AFL–CIO–CLC (District 19), 312 F.Supp. 1044 (W.D.Pa. 1970). Adam Wisniewski the union member whose complaint with the Secretary of Labor led to the institution of the action, has filed a motion to intervene as a plaintiff.

Rule 24(a), Fed.R.Civ.P., provides:

"Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the

550

action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

■ In our opinion, the motion should be denied. "The statutory scheme envisages the Secretary as the only person capable of prosecuting a Title IV action so that interference with union elections and management might be kept at a minimum." Shultz v. United Steelworkers of America, *supra*, at 1044. See: Calhoon v. Harvey, 379 U.S. 134, 140, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964); Mamula v. United Steelworkers of America, 304 F.2d 108 (3d Cir. 1962). "There being no way for * * * [Wisniewski] to prosecute this type of action by original suit, he cannot be permitted to do so by intervention * * *." Stein v. Wirtz, 366 F.2d 188, 189 (10th Cir. 1966). *Cf.* Wirtz v. National Maritime Union of America, 409 F.2d 1340 (2d Cir. 1969); Wirtz v. Local Union No. 1377, Int. Bro. of Elec. Workers, 288 F.Supp. 914 (N.D. Ohio 1968).

■ We can see no unfairness in allowing Hart to intervene and not Wisniewski, where Hart meets the requirements of Rule 24 and Wisniewski is precluded by the statute from intervening.

An appropriate order will be entered.