James **D. HODGSON,** Secretary of Labor, Plaintiff,

v.

**UNITED MINE WORKERS OF AMERICA,** Defendant.

Civ. A. No. 662–70.

United States District Court, District of Columbia.

Nov. 17, 1970.

Harland F. Leathers, Dept. of Justice, Washington, D. C., for plaintiff.

Edward L. Carey, Washington, D. C., for defendant.

## MEMORANDUM OPINION

BRYANT, District Judge.

This is an action by the Secretary of Labor under the Labor-Management Reporting and Disclosure Act, 29 U.S. C.A. § 401 et seq., to set aside the election of defendant's officers held on December 9, 1969, and to compel defendant to maintain certain financial records. Applicant Miners for Democracy is an organization formed in April, 1970, for the purpose of bringing about reform in the defendant union; applicant Trbovich is a member of defendant union and Chairman of Miners for Democracy. Applicants seek to intervene in the action pursuant to Fed.R.Civ.P. 24 (a), intervention as of right, or, failing that, pursuant to Rule 24(b), permissive intervention.

### I

As for the first cause of action, it is undisputed that the *exclusive* remedy for challenging an election already conducted is a suit by the Secretary of Labor pursuant to a complaint by a union member and a determination by the Secretary of "probable cause" to believe that a violation of the law governing elections has occurred. 29 U.S. C.A. §§ 482, 483; Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964); Wirtz v. National Maritime Union of America, 409 F.2d 1340 (2d

Cir. 1969). A union member himself has standing neither to bring such a suit nor to compel the Secretary to bring one. 29 U.S.C. §§ 482, 483, Wirtz v. N. M. U. A., *supra*; Katrinic v. Wirtz, 62 L.R. R.M. 2557, 53 L.C. ¶ 11,289 (D.D.C. 1966).

 The legislative history of the Labor-Management Reporting and Disclosure Act makes us doubt that intervention by a union member in a suit by the Secretary to set aside an election would be consistent with the congressional purpose. The House bill provided that complaining union members themselves, rather than the Secretary, would bring a civil action in the federal district court to enforce the election provisions. 105 Cong.Rec. 16,489 (1959) (remarks of Senator Goldwater). The Senate version contained substantially what was enacted, namely, that the Secretary would be the exclusive enforcer of the election provisions of the Act. Cong.Rec., *supra*. We think the fact that Congress considered two alternatives—suit by union members and suit by the Secretary—and then chose the latter alternative and labelled it "exclusive" deprives this Court of jurisdiction to permit the former alternative via the route of intervention. 29 U.S.C.A. § 482; Fed.R.Civ.P. 82.

Applicant cites us to International Union, U. A. W., Local 283 v. Scofield, 382 U.S. 205, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965), as authority for allowing intervention here. *Scofield* held that the successful party in an unfair labor practice proceeding before the N. L. R. B. has a right to intervene when the court of appeals reviews the Board's order. The main rationale of the decision was the desirability of avoiding multiple appeals.

If the party successful before the Board is not allowed to intervene in the court of appeals and if the court of appeals reverses the Board and returns the case to it for further proceedings, then it is probable that the party who was not allowed to intervene in the first appeal will himself have the right to bring a second appeal. In the interests of judicial efficiency and fairness to the would-be intervenor, the Supreme Court considered it highly desirable to have the court of appeals hear all the parties in one proceeding. International Union, U. A. W., Local 283 v. Scofield, *supra*, at 212, 213, 86 S.Ct. 373.

 The instant case, which arises under the Labor-Management Reporting and Disclosure Act (29 U.S.C.A. §§ 401 et seq.), is totally different from *Scofield*, which dealt with intervention under the National Labor Relations Act (29 U.S.C.A. § 151 et seq.). The would-be intervenor here has not already been successful before a lower tribunal, and there is no danger of a multiplicity of appeals if intervention is denied in this case. As Professor Moore says in discussing Scofield, "Where the prevention of multiple appeals is not at stake, the rule should not apply." 3B Moore's Federal Practice ¶ 24.06[3.–8], at 24–132.

The only appellate court opinion squarely on point, and it is post-Scofield[1], denied intervention to a union member in an action by the Secretary to set aside an election. Stein v. Wirtz, 366 F.2d 188 (10th Cir.), cert. denied 386 U.S. 996, 87 S.Ct. 1316, 18 L.Ed.2d 344 (1966). In *Stein*, the Secretary sued to set aside the election on the basis of a complaint by the applicant for intervention that the union had refused to permit him to be a candidate for the position

---

1. The *Stein* court did not discuss *Scofield*. Applicant ascribes this failure to the Tenth Circuit's ignorance of the *Scofield* opinion, and he points out that *Stein* proceeded *pro se* in the court of appeals. We think it highly unlikely that the distinguished court in *Stein* was ignorant of a major Supreme Court opinion of the preceding term. A more likely explanation for the failure to mention *Scofield* is that the court in *Stein* did not consider *Scofield* to be relevant to the problem before it.

of Business Manager. Two months after the filing of the action, the union and the Secretary stipulated that appellant would be eligible for candidacy in the following election, to be held eight months later. The Secretary and the union requested that the case be held in abeyance until after the elections when, assuming that the union complied fully with the terms of the stipulation, the Secretary would move to dismiss the action. In affirming the district court's denial of intervention, the court of appeals said:

"Although appellant's subjective dissatisfaction with the Secretary's prosecution of this action is completely understandable, yet we are constrained to agree that the District Court was without jurisdiction to permit his intervention in a Title IV action." 366 F.2d at 189.

## II

What we have said against permitting intervention in the first cause of action applies also to the second cause, in which the Secretary seeks an injunction to compel the defendant union to maintain financial records from which the union's annual financial reports to the Secretary may be verified. 29 U.S.C.A. §§ 431, 436, 440. The Secretary is the one person authorized by the statute to seek such an injunction. 29 U.S.C.A. § 440.

Applicants undeniably have an interest in ensuring that union funds are spent for the sole benefit of the organization and its members. 29 U.S.C.A. § 501. They are already seeking to vindicate that interest in another suit in this court (Civil Action 3436–69) for an accounting, restitution and damages pursuant to 29 U.S.C.A. §§ 185, 501(a) and (b). The issue in the applicants' pending suit is whether or not the union has misappropriated funds. In the instant suit the dispositive issue is quite different, namely, whether the union has failed to maintain records on the matters required to be reported to the Secretary (pursuant to 29 U.S.C.A. § 431) "which will provide in sufficient detail the necessary basic information and data from which the documents filed with the Secretary may be verified, explained or clarified, and checked for accuracy and completeness." 29 U.S.C.A. § 436.

One may not intervene as a matter of right in the litigation of others unless he shows the equivalent of being legally bound by the decree in their case. Fed.R.Civ.P. 24(a) (2); Sam Fox Publishing Co. v. United States, 366 U.S. 683, 694, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961); Apache County v. United States, 256 F.Supp. 903, 907 (D.D.C. three-judge panel 1966). Applicants have not made that showing here. As for permissive intervention, Fed.R.Civ.P. 24(b) (2), we do not perceive a sufficient nexus between applicants' interest and the Secretary's suit to justify it. At the same time, we believe applicants' own pending lawsuit to be an adequate means of asserting their rights.

The motion to intervene is denied.