Greenberg & Greenberg by Morris H. Greenberg and Ben P. Constantine, Eveleth, Minn., for plaintiff.

Peterson, Bell & Converse by Willard L. Converse, St. Paul, Minn., for defendants.

Orville **VENET**, Plaintiff,

v.

**LOCAL UNION NO. 606, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, VIRGINIA, MINNESOTA, et al., Defendants.**

No. 5–71 Civ. 55.

United States District Court, D. Minnesota, Fifth Division.

Feb. 22, 1972.

NEVILLE, District Judge.

The plaintiff has brought this action against Local Union No. 606, United Brotherhood of Carpenters and Joiners of America, Virginia, Minnesota, to set aside an election of the Union's Business Representative alleging a denial of his right to nominate and to participate in an election in direct violation of 29 U.S.C. § 401 et seq. Defendant brought a motion to dismiss for lack of jurisdiction predicated upon Title IV, 29 U.S.C. §§ 482, 483. The court took the motion under advisement since the case was being tried to the court, and heard evidence produced by both of the parties.

It stands admitted that plaintiff was and still is a member in good standing of Local Union No. 606. At a union meeting on May 11, 1971 he was nominated for the office of Business Representative. His name was removed however from the ballot before the June 8, 1971 election date, allegedly because he was ineligible to hold office under the

Union Constitution and By-Laws as he had done business as a contractor within one year prior to the election. The applicable provision relating to eligibility to nomination for office reads in part ". . . nor shall a *contracting* member be eligible, nor shall a member who has been a *contracting* member until 12 months have elapsed following notification by him to his Local Union that he has ceased contracting." [Emphasis added].

On the jurisdictional issue, plaintiff cites O'Brien v. Paddock, 246 F.Supp. 809 (S.D.N.Y.1965), for the proposition that, as to Title I violations, 29 U.S.C. §§ 401, 402, federal courts have jurisdiction to determine whether a labor union has denied certain union members in good standing equal opportunity to nominate candidates, vote in elections, and participate in meetings.

The defendant bases its motion to dismiss on the ground that discrimination in the nominating and voting rights of members does not lie at the core of this controversy, but rather that eligibility determination forms the crux of the complaint. Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). Eligibility being the real gravamen of the complaint, 29 U.S.C. § 482 necessitates that a complaint be lodged with the Secretary of Labor and he may then bring action in the federal court. The problem caused by this suit is the apparent overlap between Sections 402 and 482. Both provide that union members shall have reasonable opportunity to nominate candidates and to vote or otherwise support candidates of their choice.

There is really no need to opine whether this suit involves a Section 402 violation, thereby allowing an aggrieved person to bring an action directly in federal court, or whether it is a 481, 482, 483 violation, which states that only the Secretary of Labor may bring an action, since the law is rather well settled insofar as post-election relief is concerned.

The court therefore holds that it lacks jurisdiction since the Secretary of Labor's action is the exclusive remedy for challenging an election already conducted. See Davis v. Turner, 395 F.2d 671 (9th Cir. 1968), which states at page 672:

We agree. The rights asserted by appellants are those protected not by Title I, but by Title IV of the Act, 29 U.S.C. § 481 et seq., as to which the exclusive method of enforcement is through complaint filed with the Secretary of Labor who, if he finds violation of the statutory provisions, may file suit in the appropriate district court to secure a new election to be held under his supervision. 29 U.S.C. § 482(a) and (b); Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964).

*Further, even were we to find appellants' contentions to be a valid subject for an individual union member's suit under Title I, their suit would have been aborted when the election they challenge was conducted.* Colpo v. Highway Truck Drivers & Helpers Local 107, 305 F.2d 362 (3d Cir.), cert. denied, 371 U.S. 890, 83 S.Ct. 188, 9 L.Ed.2d 123 (1962). No individual suit to set aside a union election may be maintained, for § 403 of the Act, 29 U.S.C. § 483, provides that the Secretary of Labor's action is the exclusive remedy 'for challenging an election already conducted.' See Note, 78 Harv.L.Rev. 1617 (1965); Note, 74 Yale L.J. 1282 (1965). [Emphasis supplied]

See also McGuire v. Grand International Division of Brotherhood of Locomotive Engineers, 426 F.2d 504 (6th Cir. 1970); Shultz v. United Steel Workers, 312 F.Supp. 1044 (W.D.Penn.1970).

Even were the court to determine it had jurisdiction and proceed to consideration of the case on the merits, it would seem that plaintiff, by his own statement (Defendants' Ex. A) acknowledged by letter dated February 2, 1970 that he was self employed and "no longer eligible to hold office in your local union". He followed this with another letter (Defendants' Ex. B) that as of June 1, 1970

he had ceased contracting for himself and became employed as a carpenter. This latter was less than 12 months prior to the May 11, 1971 date on which he was nominated. Plaintiffs' attempts to demonstrate that in reality he was not "contracting" from February 2, 1970 to June 1, 1970 was not convincing.

A separate order of dismissal has been entered.