**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**GREAT LAKES DISTRICT LOCAL NO. 47, INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS, Defendant.**

Civ. No. C 64–739.

United States District Court
N. D. Ohio, E. D.
April 14, 1965.

Merle M. McCurdy, U. S. Atty., A. A. Caghan, Regional Atty., Cleveland, Ohio, for plaintiff.

David M. Dworken, Cleveland, Ohio, Mozart G. Ratner, Washington, D. C., for defendant.

PAUL JONES, District Judge.

This suit was initiated by the Secretary of Labor pursuant to the provisions of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 401 et seq., 29 U.S.C.A. § 481 et seq.).

The defendant Labor Union has filed a motion to dismiss this suit. The basis for this motion is the contention that the requirements of Section 482 of the Labor Management Reporting and Disclosure Act were not complied with in that the complaint of John J. McDonough, a member of the defendant labor organization, was not timely filed with the Secretary and that the complaint herein of the Secretary was not timely filed in this Court. A further contention that this action is barred by res judicata and collateral estoppel is now moot in view of the decision of the Sixth Circuit Court of Appeals in McDonough v. Johnson, Civil No. 16072. The Court of Appeals dismissed the pre-election complaint for want of jurisdiction.

The results of the election, now disputed by the Secretary, were announced on June 3, 1964. By letter dated July 6, 1964, McDonough, through his attorney, filed a post-election protest and appeal with the defendant's Secretary-Treasurer. This appeal was answered by letter dated July 15, 1964, stating:

"As you very well know, your client's protest of the February 13, 1964, nominating convention and election was entertained and adjudicated on the merits by Judge Connell on June 2, 1964. Your appeal to the Court of Appeals from his decision has been duly noted."

By letter dated July 16, 1964, McDonough, through his attorney, again asked whether his protest of July 6th was allowed or rejected. By letter of July 21, 1964, McDonough was informed as follows:

"In answer to your letter of July 16, 1964, your current protest, identical with your prior protest, which the Executive Board and Judge Connell rejected on the merits, is barred."

McDonough then filed his complaint with the Secretary of Labor on August 12, 1964. In the course of the Secretary's investigation of McDonough's complaint,

pursuant to Section 482(b) of the Act, the defendant Local was requested to produce certain records. The Secretary then issued a subpoena duces tecum to obtain these records. Upon the failure of the defendant Local to comply with the subpoena, an action was instituted on September 25, 1964 to enforce the subpoena. On October 5, 1964, the defendant voluntarily turned over the records to the plaintiff. The Secretary then filed this suit on November 9, 1964.

The enforcement section of the Act, 29 U.S.C.A. § 482 provides, in part:

"(a) A member of a labor organization—(1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or

"(2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation, may file a complaint with the Secretary within one calendar month thereafter * * *

"(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization * * *."

As background understanding of the Act and of this provision, certain comments in the legislative history are worth repeating. The late President Kennedy, then Senator, said, in part, in Report No. 187 on S. 1555, April 14, 1959, U. S. Code Congressional and Administrative News, pp. 2318, 2323:

"The committee recognized the desirability of minimum interference by Government in the internal affairs of any private organization. Trade unions have made a commendable effort to correct internal abuses; hence the committee believes that only essential standards should be imposed by legislation. Moreover, in establishing and enforcing statutory standards great care should be taken not to undermine union self-government or weaken unions in their role as collective-bargaining agents.

"The Bill does not spell out in detail all the standards which every trade union should follow."

Legislative History of the Labor Management Reporting and Disclosure Act of 1959, Vol. 1, page 403.

"In filing a complaint the member must show that he has pursued any remedies available to him within the union and any parent body in a timely manner. This rule preserves a maximum amount of independence and self-government by giving every international union the opportunity to correct improper local elections. If the member is denied relief by the union or can obtain no decision from the union one way or the other within 3 months, he may complain to the Secretary. Since time is of the essence, no complaint may be entertained which is filed more than 1 month after the union has denied a remedy or the three-month period has expired." Ibid, p. 417.

The comments of Judge Ryan in Acevedo v. Bookbinders and Machine Operators Local No. 25, 196 F.Supp. 308 (1961), are also instructive when he says:

"* * * [W]e should not presume that faced with a complaint based on a law enacted since the establishment of its Constitution and by-laws, the local would ignore the provisions of such law * * * without at least investigating the complaint and attempting to comply if, in its opinion, such compliance is absent and required in the particular instance. Certainly the opportunity to do so should not be taken away from it, nor should we decide that, because the Constitution or By-Laws may make the defendant's action permissible, it would be futile as a matter of law to require plaintiff to seek relief from that body under present law.

"It is better calculated to carry out the Congressional policy by permitting labor organizations to establish democratic procedures through self-government and self-determination rather than by judicial mandate * * *. We would not be justified in now withholding judicial action, if the internal remedies available to plaintiff were uncertain or unknown to him, or if the violation of federal law were clear and the injury immediate and irremediable, such as was found in Detroy, supra." Pgs. 312–314.

 The legislative history, and the applicable case law leave no doubt that the action taken by McDonough was appropriate and within the intent and purpose of the Act. The fact that a member, under certain circumstances, may be excused from exhausting the union remedies available to him does not mean that a member should not pursue those remedies. Nor does the fact that the remedies are uncertain or unknown to the union member mean that such member need not seek to find out what internal remedies, if any, are available to him. As long as a member's complaint is timely, he should not be penalized for presenting his complaint to his union for self-determination rather than going immediately to the courts for a judicial mandate. The action taken here by McDonough was timely.

 The Secretary has sixty days to investigate the union member's complaint. The Secretary here did not have a full sixty days because the defendant refused to give to the Secretary certain requested information. In order to obtain this information, the Secretary of Labor found it necessary to file a subpoena and an order to show cause. The delay in filing the complaint was caused by the defendant union. Omitting the time caused by the delay, the Secretary filed his complaint within sixty days.

Since Section 482(a) and (b) has been complied with both by McDonough and the Secretary of Labor, the defendant's motion to dismiss will be denied.