**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**LOCAL 30, INTERNATIONAL UNION OF OPERATING ENGINEERS, Defendant.**

United States District Court
S. D. New York.

May 19, 1965.

See also D.C., 34 F.R.D. 13.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for plaintiff, Arthur S. Olick, Asst. U. S. Atty., Southern Dist. of New York, Milton Morvitz and Rufus McKinney, U. S. Dept. of Labor, Washington, D. C., of counsel.

William J. Corcoran, New York City, for defendant, John J. Corrigan and Robert Brady, New York City, of counsel.

METZNER, District Judge.

The Secretary of Labor has instituted this action to set aside a union election pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959.

The act provides that in an election for officers of a labor union "a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed)". 29 U.S.C. § 481(e). The act further provides that any member of a union who has exhausted the remedies available under its constitution and bylaws may file a complaint with the Secretary, alleging the violation of any provision of section 481. 29 U.S.C. § 482(a) (1). Upon the filing of such complaint the Secretary shall make investigation and

"if he finds probable cause to believe that a violation * * * has occurred" he shall bring a civil action to set aside the invalid ·election. 29 U.S.C. § 482(b). The court shall order a new election if it finds that a violation may have affected the outcome of the election. 29 U.S.C. § 482(c).

The defendant is a local of the International Union of Operating Engineers and must conduct its elections in conformity with the latter's constitution. The International constitution and defendant's bylaws provide that anyone who desires to be nominated for office must file a declaration of candidacy on or before the fifteenth day of January and must be in regular attendance at a majority of the regular meetings between that date and the date of the election. The defendant held its election in June with nominations for office being made in May.

The election under attack here was the one held in June 1962. The defendant did not give any notice to its membership of the requirement that a declaration of candidacy had to be filed by January 15, 1962. The Government produced two members of the defendant as witnesses. In 1958 and 1960 they had been candidates for election, but each time were overwhelmingly defeated. They were aware, through personal experience, of the requirement of filing a declaration of candidacy by January 15. At the February meeting the names were read of members who had filed declarations of candidacy. These two witnesses objected, saying that the membership had received no notice of the requirement, and when they sought to file declarations their efforts were blocked by the officers in charge. Complaints were made to both the International and the local union which were overruled. Subsequent to the holding of the election in June, they again made complaints to the local and the International which were rejected. Thereafter a formal complaint was filed with the Department of Labor.

The instant suit resulted.

■ Defendant claims that the complaining members of the union failed to exhaust their administrative remedies as required by the act, and that the suit was not timely filed. Title IV is intended to cover postelection remedies. Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). Consequently, anything that the complainants did prior to that time is of no moment. They did exhaust their remedies after the election by again urging on the local and the International their complaints, which were rejected. This action was thereafter instituted by the Secretary within the time fixed by the statute.

■ Defendant argues that the Government has failed to show that the Secretary had probable cause to institute the suit. The court will not review the testimony to determine whether the administrative action was justified. Ewing v. Mytinger & Casselberry, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950); Madden v. International Hod Carriers, etc., Union, 277 F.2d 688 (7th Cir. 1960); Douds v. International Longshoremen's Ass'n, 241 F.2d 278, 281 (2d Cir. 1957); Schauffler v. Highway Truck Drivers & Helpers Union, 230 F.2d 7, 9 (3d Cir. 1956). The evidence produced shows that a finding of probable cause was made by the Secretary. Having taken testimony on the facts, the court need only determine whether there is a preponderance of evidence that there was a violation of section 481 which may have affected the outcome of the election. 29 U.S.C. § 482(c) (2).

■ Defendant also urges that since a provision of the International constitution is in question that organization is an indispensable party to these proceedings. While the provision for the declaration of candidacy has its genesis in that constitution, it is carried over to the election procedures of the defendant by its bylaws. It is the election conducted by the local which is in dispute and not an election involving the International. The relief here sought under Title IV runs solely against the local and not

against the International. I find that the International is not an indispensable party to this litigation.

The act provides that a reasonable opportunity shall be given for the nomination of candidates. This requirement must be interpreted to embrace the initial step in the nominating process and not merely the nominating meeting itself. Here we are not concerned with the simple procedure of nominating in one meeting and electing at a succeeding meeting. The procedure for declaration of candidacy is part of the "nomination of candidates" referred to in section 481 (e).

The regulation adopted by the Secretary of Labor to supplement the provisions of section 481 provides that "the labor organization must give reasonable notice of the offices to be filled by the election and of the time, place, and proper form of submitting nominations. Such notice must be given in a manner reasonably calculated to inform all members in good standing and in sufficient time to permit such members to nominate the candidates of their choice." 29 C.F.R. § 452.8 (1965).

The failure to give any notice of the requirement for filing a declaration of candidacy in conjunction with the election to be held in June of 1962 is a violation of section 481(e) and the regulation.

The next question is whether the requirement for the filing of a declaration of candidacy is a "reasonable qualification." I find from the evidence that this requirement serves no reasonable purpose which cannot be otherwise satisfied without resort to this procedure. What it really does is paralyze any opposition to the incumbent or regular slate for a period of four months. The Government has produced proof that of 68 international unions in the country having membership in excess of 43,000, this is the only one which has a requirement of prenomination filing.

We come then to the last aspect of this case, which is whether the above violations may have affected the outcome of the election. The only proof that the Government has offered is the testimony of the two members who claim that they wished to be candidates for election in the year 1962. There were only 600 votes cast in that uncontested election. When there was a contested election in 1960, about 1200 votes were cast of which these witnesses received 174 votes and 141 votes respectively. In 1958 they received 246 and 280 votes respectively, out of about 1100 votes cast. In 1964, in an election for delegates to the International convention, they received 203 and 224 votes respectively, out of about 1,000 votes cast. No other proof was offered to indicate that these witnesses would have fared any better if they had been allowed to file their declaration of candidacy, or that any other member of the union had desired to make such a filing but was prevented from so doing by the provision in question.

There are 3,000 members of the defendant. Testimony has been adduced from only two of them, with no indication from the Government that anyone else was interested. In Calhoon v. Harvey, supra, Justice Stewart in a concurring opinion indicated that:

"Under the Court's view, until such a faction approaches majority status, judicial relief in the federal courts will be absent." 379 U.S. at 146, 85 S.Ct. at 299 n. 7.

The Government has failed to sustain its burden of proof, specifically required by the statute, that the violation "may have affected the outcome of the election."

Settle judgment in accordance with the above opinion.