W. Willard WIRTZ, Secretary of Labor, U. S. Department of Labor, Plaintiff,

v.

H. H. GUY LODGE, NO. 872, BROTHER-HOOD OF RAILROAD TRAINMEN, AFL–CIO, Defendant.

Civ. A. No. 67–1052.

United States District Court
W. D. Pennsylvania.

Dec. 14, 1967.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for plaintiff.

McArdle & McLaughlin, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

Plaintiff, Secretary of Labor, sues under 29 U.S.C. § 482(b) to set aside an election in defendant labor organization because of an alleged violation of the provisions of 29 U.S.C. § 481(e). The election was held November 17, 1966. Thereafter the complaining member filed a protest with the president of the labor

organization on February 3, 1967, which was rejected on February 13, 1967. On April 19, 1967, an appeal was filed to the Board of Directors of the labor organization which was denied on May 2, 1967. On May 5, 1967, complainant filed a complaint with the Secretary of Labor, who, finding probable cause, filed the instant suit on August 29, 1967. The Act provides, in part, that an aggrieved person in an election who has exhausted the internal remedies available under the constitution and by-laws of the labor organization may file a complaint with the Secretary of Labor within one calendar month thereafter. Taking the above timetable of post-election events the action of complainant was timely under the statute.

Defendant attacks the proceeding as untimely and moves to dismiss this action. The basis of defendant's attack is that the complaining individual had invoked the union internal remedies before the election and had received his final rejection of this application after the election, on January 9, 1967; therefore, his complaint with the Secretary was untimely because it was not filed by February 9, 1967. Defendant claims that complainant's second use of the internal remedies of the union after the election opens the door to harassment and chaotic internal conduct of the union's internal affairs. Congress, however, has protected the internal administration of the unions by providing that the challenged election shall be presumed valid pending final decision on the challenge, and that its affairs shall continue to be conducted by the officers elected. 29 U.S.C. § 482(a).

■ Our examination of the statute convinces us that all remedies provided by 29 U.S.C. § 482 are post-election remedies. The language of this section of the statute repeatedly refers to the election in terms which contemplate its having taken place.

■ The Supreme Court has emphasized that the rights granted under Section 401(e), 29 U.S.C. § 481(e), can only be enforced by the Secretary of Labor under the procedures set forth in Section 402(a); 29 U.S.C. § 482(a); after the disputed election, and that the 402(a) procedure is the exclusive remedy for proceeding after an election, Section 403, 29 U.S.C. § 483; Calhoon v. Harvey, 379 U.S. 134, 135, 85 S.Ct. 292, 13 L.Ed. 2d 190 (1964).

We can see no other logical conclusion but that the available internal remedies under the constitution and by-laws must be invoked after the election.

■ Most pertinent is the language of Wirtz v. Local 30, International Union of Operating Engineers, 242 F.Supp. 631 (S.D.N.Y.1965), in answer to a contention similar to that made here:

"Title IV is intended to cover postelection remedies. Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). Consequently, anything that complainants did prior to that time is of no moment. They did exhaust their remedies after the election by again urging on the local and the international their complaints which were rejected." p. 633.

We do not fail to note that the complaint in that case had invoked the internal grievance machinery prior to the election and had received their final rejection prior to the election, whereas here the pre-election complaint to the union was not fully exhausted until after the election. We do not consider the distinction controlling because we believe the intent of Congress in establishing these as post-election remedies was to allow the labor organization full scope to review its own election after it had taken place, and after many pre-election grievances had resolved themselves by the results of the election. (See discussion of legislative history in Wirtz v. Great Lakes District Local No. 47, 240 F.Supp. 859 (N.D.Ohio, E.D.1965), and Wirtz v. Teamsters Indus. and Allied Emp. Union Local No. 73, 257 F.Supp. 784 (N.D. Ohio, E.D.1966).

■■ We, therefore, concur with the holding of Wirtz v. Teamsters Indus. and

Allied Emp. Union Local No. 73, cit. supra, that:

"In the light of this, the court believes that the 'exhaustion of remedies' doctrine which derives from Section 402 (a) (1) must be restricted to the exhaustion of post-election remedies." (p. 792).

We have considered the remainder of defendant's grounds for its motion and find that they center in the objection considered above. Clearly, the complaint alleges a substantial federal question as to the validity of an election under 29 U.S.C. § 481. Every fact and inference pleaded must be viewed in the light most favorable to the plaintiff when tested under a defendant's motion to dismiss.

### ORDER

And now this 14th day of December, 1967, Defendant's Motion to Dismiss is denied.