George P. SHULTZ (now James D. Hodgson), Secretary of Labor, United States Department of Labor,

v.

UNITED STEELWORKERS OF AMERICA AFL–CIO–CLC (DISTRICT 19), and William J. Hart.

Civ. A. No. 69–919.

United States District Court, W. D. Pennsylvania.

Nov. 30, 1970.

See, also, D.C., 313 F.Supp. 549, D. C., 312 F.Supp. 538.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Tempest & Simmons, Monongahela, Pa., Benjamin W. Haseltine, Pittsburgh, Pa., for Hart.

OPINION

KNOX, District Judge.

This is an action brought by the Secretary of Labor against the United Steelworkers of America, AFL–CIO to set aside the election of William J. Hart, as District Director of District 19. The action was brought pursuant to the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 481 et seq.). Mr. Hart

who was elected to the office of District Director of the district in question was permitted to intervene as a party defendant.

The action was brought on the basis of a complaint filed by Adam J. Wisniewski who had sought nomination and election to the District Directorship in question. Wisniewski forwarded a complaint to the Secretary of Labor's representative on May 29, 1969. It was received on June 2, 1969. Defendant has moved for Summary Judgment on the grounds that the Complaint was not timely filed in accordance with the provisions of § 402(a) of the Act in question (29 U.S.C. § 482(a)) and further for the reason that the action as filed by the Secretary of Labor complains of matters other than those originally complained of by Wisniewski in his protest to the Union. Plaintiff has likewise moved for Partial Summary Judgment on the grounds that the Union's affirmative defenses raising these same questions are improper as a matter of law.

■ We can easily dispose of plaintiff's Motion for a Partial Summary Judgment. It has been held by the Court of Appeals for this Circuit that a pretrial summary judgment may not be entered where there is but a single claim as here. RePass v. Vreeland, 357 F.2d 801 (C.A.3rd 1966). For this reason, the plaintiff's Motion for Partial Summary Judgment will be denied.

The defendant's Motion for Summary Judgment on the whole case presents a more difficult question. Section 402(a) of the Act in question (29 U.S.C. § 482(a) provides as follows:

"(a) A member of a labor organization—

(1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or

(2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,

may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers). The challenged election shall be presumed valid pending a final decision thereon (as hereinafter provided) and in the interim the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and bylaws may provide."

Both parties concede that the filing of a complaint with the Secretary within one calendar month from the date of the exhaustion of remedies under sub-paragraph (1) of the Act in question is a prerequisite to the Secretary's right to institute a law suit challenging the Union Election. Shultz v. Local 1291 ILA, 429 F.2d 592 (C.A.3rd 1970). Wirtz v. Local 169 Intern. Hod Carriers, 246 F. Supp. 741 (D.C.Nev.1965). See also Wirtz v. Local 153 Glass Bottle Blowers Assn., 389 U.S. 463, at 472, 88 S. Ct. 643, 19 L.Ed.2d 705 (1968). We are not here concerned with subparagraph (2) relative to failure to obtain a final decision within three calendar months, since it is clear that Wisniewski's protests to the Union were definitely and finally rejected on several occasions.

The election in question was held February 11, 1969, and the results were made known by the International Tellers of the Union in a report filed in accordance with the provisions of its International Constitution on April 18, 1969.

Wisniewski had obtained the nomination of only five local unions within the district instead of eight as required. On December 27, 1968, he filed a timely protest with the International Secretary-Treasurer of the Union complaining that violation of the Union's election procedures had occurred and that the nomination proceedings were irregular. A commission was appointed to hear his protest and a hearing was held on Janu-

ary 3, 1969, at which Wisniewski attended. By letter dated January 20, 1969, he was informed by the International Executive Board, in accordance with the Union's procedures, that after hearing, the report of the commission was adopted and his protest was denied. This exhausted his remedies with respect to the nomination process.

We are cautioned, however, that § 402 is not concerned with nominations but with elections. If the nomination violations pervade the election, the latter is subject to being set aside. Therefore, the time does not start to run until the election is held. See Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964); Wirtz v. H. H. Guy Lodge No. 872, 279 F.Supp. 873 (D.C.W.D. Pa.1967).

Following the election, Wisniewski filed a protest not only to the methods by which nominations were conducted but also challenged the election of Hart as District Director. This letter was filed March 9, 1969, with the International Secretary-Treasurer, Burke, who by letter dated April 1, 1969, informed Wisniewski that the only procedure available to him had been his original protest to the nominations, that he had exhausted his remedies, and, therefore, rejected the protest to the election.

On May 2, 1969, after the Tellers had reported the results of the election, Wis-niewski filed another protest with the International Union and was informed by letter dated May 14, 1969, that he had exhausted his remedies "many months ago".

As a matter of fact, Burke's letter of April 1, 1969, may not have been exactly accurate. There is much to be said for the plaintiff's position that since the election results remained in the hands of the International Tellers until their report on April 18, 1969, Wisniewski still had a remedy and could have filed a protest with the Tellers until that date.

The relevant portions of the International Constitution are set forth in the footnote.[1] It will be seen that any procedure for protesting an election before the Tellers was extremely circumscribed. Their powers, aside from tabulating the votes, were largely limited to cases where there was a dispute in a Local Union as to the vote but it will be noted that under Section 19, they did have the power to decide the legality of votes of any local. Protests, however, had to be filed by a member of the Local involved within 10 days of the election.

It thus appears that Wisniewski had no effective method of presenting his grievances after the date of the election on February 11, 1969, or if such procedure existed, then the time limit on the same terminated when the Tellers reported on April 18, 1969. We hold

---

[1]. Sec. 17. The International Tellers shall retain the services of the Honest Ballot Association or, in the event this Association cannot be retained, a similar public spirited and impartial organization. The Honest Ballot Association or similar organization retained by the International Tellers shall, under the supervision of the International Tellers, tabulate the votes cast for the various nominees and file this tabulation with the International Tellers.

Sec. 18. The votes cast by members of each Local Union shall be tabulated, and the results published, separately. The entire total vote shall also be tabulated. The complete report shall be printed and sent out to the Local Unions by the International Tellers not later than May 1 of each election year. This report shall be an official announce-ment of the election to office of the successful candidates.

Sec. 19. The International Tellers shall decide the legality of the votes of any Local Union. In the event the International Tellers refuse, for any reason, to tabulate the vote of any Local Union, their reason must in every instance be shown on their report submitted to the Local Unions and all contests growing out of the report shall be filed with the International Executive Board, which body shall have the power to decide the contest.

Sec. 21. All contests in connection with the votes of any Local Union must be filed with the International Tellers not later than ten (10) days after the date of election, by a member of the Local Union whose vote is contested.

that this was the date of final exhaustion of remedies and, therefore, the calendar month for filing complaint with the Secretary of Labor ended on May 18, 1969.

■ No weight is given to the fact that Wisniewski's protest of March 9, 1969, was directed to the International Secretary-Treasurer instead of the Tellers since under the decision in Shultz v. Local 1291, 429 F.2d 592 (C.A.3rd 1970), filing the protest with the wrong official was no bar.

■ We are also mindful of the decision in Wirtz v. Great Lakes District, 240 F.Supp. 859 (D.C.N.D.Ohio 1965) holding that if internal union remedies are uncertain or unknown to a member, he may seek to find out what they are before the time limit starts to run. There the first reply by the Union was ambiguous. Here Wisniewski was aware of procedures for attacking nominations and was told in no uncertain terms by Burke's letter of April 1, 1969, that he had exhausted his remedies. Despite this, he waited until May 29, 1969, before dispatching a complaint to the Secretary, which was not received until June 2, 1970. This latter date would be the date of filing. Wirtz v. Local Union 169 International Hod Carriers, 246 F.Supp. 741 (D.C.Nev.1965).

On the other hand, if we attempt to treat this as a sub-paragraph (2) case, where the union member is unable to obtain a final decision within three calendar months, we are met with the fact there was such decision when the International Executive Board denied his protest on January 20, 1969, or in the alternative (considering post-election procedures) when the International Tellers filed their report on April 18, 1969. We do not consider this as a case where summary judgment should be denied for the oft-cited reason that doubtful cases should go to trial. Both sides agree on the facts and ask for summary judgment.[2] These matters are undisputed and a lengthy trial would serve no useful purpose if the complaint was not timely filed.

We do not deem it necessary to consider the defendant's contention that the action brought by the Secretary covered matters not included in Wisniewski's protests. In our opinion, the charges contained in his protests of December 27, 1968, and March 9, 1969, were sufficiently broad to encompass the violations charged by the Secretary. See Wirtz v. Local Union 169 International Hod Carriers, 246 F.Supp. 741 (D.C.Nev.1965). Cf. Shultz v. Local 6799 U.S.W., 426 F.2d 969. (C.A.9th 1970) (Certiorari petition now pending). Wirtz v. Local 125 Laborers International, 389 U.S. 477 at 482, 88 S.Ct. 639, 19 L.Ed.2d 716 (1968).

■ To the extent that Wisniewski's delay may be attributed to a letter received from a Labor Department employee this is of no moment since it does not appear that defendant contributed in any way to the faulty advice. N.L.R.B. v. Silver Bakery Inc., 351 F.2d (C.A.–1st 1965).

For the above reasons, the plaintiff's Motion for Partial Summary Judgment will be denied and defendant's Motion for Summary Judgment will be granted.

---

2. Defendant's motion is based on Plaintiff's More Definite Statement, Answers to Interrogatories, Requests for Admissions and Answers thereto and Pretrial Statement.