**Robert B. REICH, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**LOCAL 134, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Defendant.**

**No. 93 C 2146.**

United States District Court, N.D. Illinois, E.D.

Aug. 13, 1993.

---

### *MEMORANDUM OPINION AND ORDER*

HART, District Judge.

Pursuant to Title IV of the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 401 *et seq.*, plaintiff Secretary of Labor brought this action against defendant Local 134, International Brotherhood of Electrical Workers, AFL–CIO seeking to overturn the election of Mike Kahne as an Executive Board "A" Classification member. The Secretary contends that Dave Sinclair should have been declared a winner of that position instead of Kahne. Defendant has moved for summary judgment. Defendant contends that the union members who filed the complaint upon which the Secretary's suit is based failed to properly exhaust internal union remedies prior to

filing a complaint with the Secretary. Alternatively, defendant argues that Sinclair is ineligible to serve as a union officer because he is a supervisor.

■ Under the LMRDA, 29 U.S.C. § 482(b), the Secretary can only bring suit regarding union elections in violation of § 481 if he first receives a complaint from a union member and following investigation of that complaint. The union member can only file a complaint with the Secretary if he or she first exhausts internal union remedies as required by § 482(a). "A member of a labor organization (1) who has exhausted the remedies available under the constitution and by-laws of such organization and of any parent body ... may file a complaint with the Secretary within one calendar month thereafter...." 29 U.S.C. § 482(a)(1). The exhaustion of union remedies and investigation of a complaint by the Secretary are prerequisites to filing suit pursuant to § 482(b). *Donovan v. Local Union No. 120, Laborers' International Union of North America,* 683 F.2d 1095, 1099 (7th Cir.1982).

■ On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. *Oxman v. WLS–TV,* 846 F.2d 448, 452 (7th Cir.1988); *Jakubiec v. Cities Service Co.,* 844 F.2d 470, 471 (7th Cir.1988). The burden of establishing a lack of any genuine issue of material fact rests on the movant. *Id.* at 473. The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Id.* at 324, 106 S.Ct. at 2553. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See Covalt v. Carey Canada, Inc.,* 950 F.2d 481, 485 (7th Cir.1991); *Collins v. Associated Pathologists, Ltd.,* 844 F.2d 473, 476–77 (7th Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102

L.Ed.2d 110 (1988). As the Seventh Circuit has summarized:

> The moving party bears the initial burden of directing the district court to the determinative issues and the available evidence that pertains to each. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 [106 S.Ct. 2548, 2553, 91 L.Ed.2d 265] (1986); *id.* at 325 [106 S.Ct. at 2554] ("the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case"). Then, with respect to issues that the non-moving party will bear the burden of proving at trial, the non-moving party must come forward with affidavits, depositions, answers to interrogatories or admissions and designate specific facts which establish that there is a genuine issue for trial. *Id.* at 324 [106 S.Ct. at 2553]. The non-moving party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Id.* The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 [106 S.Ct. 1348, 1356, 89 L.Ed.2d 538] (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

*Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992).

Local 134 held elections on June 27, 1992. The Election Board certified that Kahne won one of the Classification positions. Union members Michael Bartels, John Keenor, and James Fleris filed protests of the election results with an International Vice–President of the IBEW. Copies of the protest were also sent to Local 134. Bartels, Keenor, and Fleris complained about the following: (a) permitting ineligible members to run for office; (b) illegal employer involvement in the campaign; (c) problems with absentee ballots; (d) ballot secrecy being compromised; (e) intimidation of voters; and (f) deficiencies in voting and tallying procedures. The Vice–President denied the protests. Appeals to the International President were also denied. Appeals to the International Executive Council were not decided within three months. *See* 29 U.S.C. § 482(a)(2) (exhaustion is satisfied if there is no final decision within three months). The three members then filed complaints with the Secretary who investigated their complaints prior to filing the present lawsuit.

Article XXVI, § 12 of the IBEW's Constitution provides:

> Any member who claims an injustice has been done him by any L.U. [Local Union] or trial board, . . . may appeal to the [International Vice–President] any time within forty-five (45) days after the date of the action complained of. . . .

> A copy of any appeal must be filed with the L.U. . . .

The bylaws of Local 134 provide in § 4(m) that "[a]ny controversy or dispute with respect to the election shall be left to the Election Board and their ruling shall be final." There is no other provision for filing any protest of election results with Local 134.

■ Section 482(a)(1) refers to exhausting remedies under bylaws of the labor organization *and* any parent body. There is no issue as to properly exhausting the protest before the parent body, that is, the International Union. Defendant only contends that the complainants failed to properly exhaust union remedies because none of the three complainants upon whose complaints the Secretary bases its suit filed any post-election protest with the Election Board of the Local.

Plaintiff contends that the International can fully review the election protest regardless of whether a prior protest was filed with the local Election Board and therefore exhaustion of the local remedy is not necessary to satisfy the exhaustion requirement of § 482(a)(1). Plaintiff cites no authority in support of this contention. It only cites cases supporting that lack of exhaustion will not be based on failure of union members to follow "procedural niceties," *Hodgson v. Local Union 6799, United Steelworkers of America*, 403 U.S. 333, 341 n. 6, 91 S.Ct. 1841, 1846 n. 6, 29 L.Ed.2d 510 (1971), or "hypertechnical" applications of union procedural rules, *Donovan v. Local 3122, Communication Workers of America*, 740 F.2d 860, 862 (11th Cir.1984) (quoting *Hodgson v. Liquor Salesmen's Union Local No. 2 of New York*, 444 F.2d 1344, 1349 (2d Cir.1971)). The primary focus of plaintiff's argument is on defendant's concession in its statement of uncontested facts that: "[t]here is no requirement in the IBEW or in the LU 134 Bylaws nor in any other rule that a member protesting an election must first present the protest with the local union." This statement apparently means that there is no requirement of filing a protest with the local union officers. Defendant appears to concede that the International does not require prior exhaustion before the local Election Board in that it states that a challenge to the election may be presented "direct[ly]" to the International.[1] For purposes of resolving the present motion, it is assumed that the International does not require first raising an election protest in accordance with bylaws of a Local.

No case has been found which addresses the question of whether the statute requires exhaustion at all levels even if the constitution or bylaws of the parent union do not. The legislative history indicates that Congress was concerned with ensuring that the parent body be given the opportunity to review the local union.

In filing a complaint the member must show that he has pursued any remedies available to him within the union and any parent body in a timely manner. This rule preserves a maximum amount of independence and self-government by *giving every international union the opportunity to correct improper local elections.*

S.Rep. No. 187, 86th Cong., 1st Sess., 21 (1959), *reprinted in* 1959 U.S.C.C.A.N. 2318, 2337 (emphasis added), *quoted in Hodgson v. Local 6799*, 403 U.S. at 339, 91 S.Ct. at 1845.

 Section 482(a) only requires that the union member exhaust available internal remedies. If the union does not provide any review procedures, there is no requirement of first filing a protest with the union. *Cf. Dole v. United Automobile Workers*, 970 F.2d 1562, 1567 (6th Cir.1992). Here, the International's Constitution does not require that the union member first exhaust local remedies. Where the union member is not violating any procedural rule of the union by not first presenting the protest at the local level, a complaint before the Secretary and any related federal suit should not be barred for failure to fully exhaust union remedies.

A somewhat analogous situation would be the exhaustion requirement for federal habeas corpus relief for a person in state custody. *See* 28 U.S.C. § 2254(b)–(c). Where a habeas petitioner fails to present an issue to the state trial court and state intermediate appellate court, the issue will not be considered waived if the state's highest court nevertheless resolves the issue on its merits. *Ylst v. Nunnemaker*, —— U.S. ——, ——, 111 S.Ct. 2590, 2593, 115 L.Ed.2d 706 (1991). Also, waiver only applies in a state habeas corpus case where the petitioner has procedurally defaulted under state law. *See id.* Here, the International was willing to address the complainants' protests on their merits without the complainants first filing a protest with the local Election Board and failure to file a protest with the local Election Board was not a default under the International Constitution. The present lawsuit is not barred for failure of any of the complainants to properly exhaust internal union remedies.

---

1. Neither side provides a copy of any written decision of the International Vice–President or President.

# 1016

Even if satisfaction of the exhaustion requirement of § 482 also requires that the protests be presented to the local Election Board, the complainants would be found to have exhausted that remedy. There is "a heavy burden [imposed] on the union to show that it could not in any way discern that a member was complaining of the violation in question." *Hodgson v. Local 6799*, 403 U.S. at 341, 91 S.Ct. at 1846. *Accord Donovan v. Local 120*, 683 F.2d at 1100. Failure to direct a protest to the proper union official is not a basis for finding that the union member has not properly exhausted his or her internal union remedies. *Shultz v. Local 1291, International Longshoremen's Association*, 429 F.2d 592, 597–98 (3d Cir.1970); *Shultz v. United Steelworkers of America*, 319 F.Supp. 1172, 1175 (W.D.Pa.1970). Local 134's by-laws do not provide a specific post-election procedure for filing a protest with the Election Board. A copy of the protest to the International Vice–President having been sent to Local 134, the Local should have forwarded that protest to the Election Board. The complainants adequately followed procedures for filing a protest with the local Election Board. *Cf. Donovan v. Sailors' Union of the Pacific*, 739 F.2d 1426, 1428 (9th Cir. 1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1866, 85 L.Ed.2d 160 (1985). This case cannot be dismissed for failure to properly exhaust local union remedies.

Local 134 also contends that it is entitled to summary judgment because Sinclair was a foreman, making him a supervisor ineligible to hold office. The Secretary contends that the Election Board's failure to disqualify Sinclair is binding. Alternatively, the Secretary contends that Sinclair being a foreman did not disqualify him. In any event, as the Secretary points out and Local 134 does not dispute, even if Sinclair is an ineligible candidate (and assuming election irregularities), the Secretary would still be entitled to the relief of having a new election ordered instead of having Sinclair declared the winner. Therefore, it is unnecessary to resolve at this point whether Sinclair qualifies to hold union office. After discovery is completed, the parties can again present that issue on summary judgment, at trial, or through other appropriate procedures.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [13] is denied. All discovery is to be completed by Oct. 27, 1993. Status hearing set for September 28, 1993 at 9:15 a.m.